```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ANDREW SMILEY,                    :
                                  :       Civil Action No. 06-1244 (RMB)
          Plaintiff,              :
                                  :
     v.                           :       **OPINION**
                                  :
SGT. HERBERT JAMES, et al.,       :
                                  :
          Defendants.             :

**APPEARANCES**:

    ANDREW SMILEY, Plaintiff pro se
    #37772
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**BUMB**, District Judge

    Plaintiff Andrew Smiley ("Smiley"), a state inmate currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submits an application to proceed in forma pauperis, and it appears from the affidavit of indigency and plaintiff's prison account statement that he is qualified to proceed as an indigent in this matter. 28 U.S.C. § 1915(a).

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§

1915(e)(2)(B) and 1915A.  For the reasons stated below, the Court finds that the Complaint should be dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

The following factual allegations are taken from Smiley's Complaint, and are accepted as true for purposes of this review.

Smiley alleges that he was falsely accused of shooting a man in the leg while he was incarcerated at the Atlantic County Justice Facility.  (Complaint, ¶ 4).  In particular, he states that two articles appeared in "The Press of Atlantic City Region".  The first article, appearing on January 14, 2006, and which is attached to the Complaint.  The article further stated that one person had been arrested and that police were looking for Andrew Smiley, age 20, last living in Atlantic City, and described as a light-skinned black man, 5 feet, 10 inches tall, and weighing 165 pounds.  Smiley was described as having tatoos on his right shoulder and left arm, and wearing a camouflage fatigue jacket at the scene of the crime.  This information was reported to the press by investigating police officer, defendant Sgt. Herbert James.

The second article, appearing in the same newspaper the next day, January 15, 2006, reported that the police had made a mistake about Smiley's involvement in the shooting incident. Specifically, the police stated that Smiley's name had been given

to them in the course of investigation and it was determined that he was not involved because Smiley had been in custody since September 14, 2005, awaiting trial on charges of possession of drugs within 500 feet of a school.  Sgt. James said the description of the suspect coincidentally matched that of Smiley, down to the tatoos on the suspect's arm and shoulder.

Smiley asserts that all of the named defendants, Sgt. Herbert James, the Atlantic County Police Department, Michael Miller and Derek Harper, reporters for The Press of Atlantic City, and The Press of Atlantic City, reported false information to the community, thereby slandering his name and defaming his character.  (Compl., ¶ 4).

Smiley does not assert a claim for relief or damages, but instead claims that he must discuss this issue with an attorney. (Compl., ¶ 5).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be

4

remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

The complaint form used by Smiley states that he is bringing this action under 42 U.S.C. § 1983, seeking redress for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

For the reasons set forth below, the Court finds that the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction.

A.  Claims Against Non-State Actor Defendants

Here, the defendants, Michael Miller, Derek Harper, private reporters, and The Press of Atlantic City, a private newspaper, are not state actors subject to liability under § 1983.  Plaintiff makes no such claim that they are state actors, and, indeed, he could not make such a frivolous claim.  Therefore, any claim asserted under § 1983 must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

To the extent that Smiley is asserting a claim of libel, slander, or defamation of character against these non-state actors, such claims are common law tort actions.  Smiley can bring such common law claims in federal district court pursuant

to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  It has long been recognized that, to find jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a state differnt from each defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action shall to be dismissed for lack of jurisdiction.  Id.

    Here, there is incomplete diversity of jurisdiction between the plaintiff and defendants.  Plaintiff is domiciled in New Jersey and named defendant, The Press of Atlantic City is located in the State of New Jersey.  Therefore, complete diversity is lacking and the Court has no subject matter jurisdiction over the common law libel, slander, or defamation of character claims against these defendants pursuant to 28 U.S.C. § 1332.  Further, the Court declines to exercise supplemental jurisdiction over these state law claim pursuant to 28 U.S.C. § 1367(c)(3) because there are no claims pending over which this Court has original jurisdiction as stated below.

B.  Claims Against Sgt. James and the Atlantic City Police Dep't.

    The Court also finds that the Complaint must be dismissed in its entirety with respect to defendants, Sgt. Herbert James and

the Atlantic City Police Department because there is no original or federal question jurisdiction under 28 U.S.C. § 1331.  The Complaint states no allegations sufficient to support a cognizable claim of constitutional dimension under § 1983.  Specifically, there was no false arrest and imprisonment because the police investigation determined that plaintiff was not the suspect as initially thought since plaintiff was in jail on other charges at the time of the shooting incident.  To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  Here, the facts demonstrate that there was no arrest or seizure of plaintiff because he was already incarcerated on other charges.  Therefore, plaintiff cannot establish a requisite element of a false arrest claim.

    Rather, the Complaint asserts only a common law tort claim of libel, slander, or defamation of character against these state actor defendants.  Federal jurisdiction over such claims must be based on diversity jurisdiction under 28 U.S.C. § 1332.  As noted above, this Court has no subject matter jurisdiction over such common law claims where complete diversity of citizenship between the parties is lacking.  Here, it is clear that Plaintiff is domiciled in New Jersey and the Atlantic City Police Department is a local government agency located in the State of New Jersey.

Therefore, the claim should be dismissed for want of subject matter jurisdiction under § 1332 because there is no complete diversity between Plaintiff and all defendants.

## V. CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed in its entirety for lack of subject matter jurisdiction.  An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: August 10, 2006